UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL D. RICCIUTI      Plaintiff | : <br> : <br> : |
| v. | : <br> :    Civ. No. 3:03 CV 708(CFD) <br> : |
| JUDGE JON M. ALANDER,      Defendant. | : <br> : |

## RULING ON MOTION TO DISMISS

The plaintiff, Michael Ricciuti ("Ricciuti"), brings this civil rights action *pro se* against Connecticut Superior Court Judge Jon C. Alander ("Judge Alander"). Ricciuti's four claims against Judge Alander arise out of a divorce action involving Ricciuti and his ex-wife that was presided over by Judge Alander in the Connecticut Superior Court for the Judicial District of New Haven. Count One alleges that "Judge Alander discriminated against me on the basis of gender and was prejudicial in his decisions;" Count Two alleges that "Judge Alander disregarded the specific law and intent thereof of Connecticut General Statutes, Sections 46b-40 and 46-81 in his Memorandum of Decision;" Count Three alleges that "Judge Alander's ignorance regarding Civil Service Retirement Benefits, home repair costs, and property mortgages resulted in a inequitable distribution of marital assets;" and Count Four alleges that "Judge Alander violated the State of Connecticut Code of Judicial Conduct, Canons 1 through 3." Ricciuti seeks a stay of Judge Alander's March 29, 2001 Memorandum of Decision in Ricciuti v. Ricciuti, 2001 Conn. Super. Lexis 912 (Conn. Super. Ct. Mar. 29, 2001), a new divorce trial, compensatory damages,

and punitive damages.[1]

On May 13, 2003, Judge Alander filed a motion to dismiss this action for lack of subject matter jurisdiction and judicial immunity under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. On August 1, 2003, the Court gave notice to Ricciuti that if no opposition was filed, Judge Alander's motion would be granted. Ricciuti subsequently filed an opposition to the motion to dismiss.

"Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, we must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel . . . In order to justify the dismissal of the plaintiff['s] *pro se* complaint, it must be beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lerman v. Bd. of Elections, 232 F.3d 135, 139-40 (2d Cir. 2000) (internal citations, quotation marks and footnote omitted), cert. denied, 533 U.S. 915 (2001). In evaluating the plaintiff's complaint, the court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in [the plaintiff's] favor." Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000) (citation omitted).

I.    **Section 1983 Damages Claims Against Defendant in his Official Capacity**

Judge Alander argues that to the extent that this action seeks damages from him in his official capacity for violations of the United States Constitution under 42 U.S.C. § 1983, that

---

[1] In Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss [Doc. #10], Ricciuti indicated that he was no longer seeking monetary damages. However, this opinion will address the damages claims as well as the requests for other relief.

claim is barred by the Eleventh Amendment to the United States Constitution.[2]

A plaintiff cannot maintain a claim for damages against a state official, such as a Superior Court Judge, in his official capacity because such a claim is ultimately one against the state, and thus is barred by the Eleventh Amendment. See Hafer v. Melo, 502 U.S. 21 (1991); Kentucky v. Graham, 473 U.S. 159 (1985); Berman Enterprises v. Jorling, 3 F.3d 602, 606 (2d Cir. 1993). "States - and state officers, if sued in their official capacities for retrospective relief - are immunized by the Eleventh Amendment from suits brought by private citizens in federal court and, in any event, are not 'persons' subject to suit under § 1983." K & A Radiological Tech. Servs., Inc. v. Comm'r of the Dep't of Health, 189 F.3d 273, 278 (2d Cir. 1999) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989); Edelman v. Jordan, 415 U.S. 651, 664-68 (1974)).

Thus, Judge Alander cannot be sued in his official capacity under § 1983 for retrospective relief in the form of compensatory or punitive damages on the basis of eleventh amendment immunity. As such, these claims are dismissed.

**II.    Section 1983 Damages Claims Against Defendant in his Individual Capacity**

Judge Alander also argues that Ricciuti's damages claims against him in his individual capacity are barred by the doctrine of absolute judicial immunity.

"While the Eleventh Amendment does not extend to judicial officers in their individual capacity, '[i]t is, however, well established that officials acting in a judicial capacity are entitled

---

[2] It is not clear from the complaint whether Judge Alander is named as a defendant only in his individual capacity or also in his official capacity. Judge Alander points out that Ricciuti has not served the Office of the Attorney General with a copy of his complaint, as would be required by Conn. Gen. Stat. § 52-64 in order to sue Judge Alander in his official capacity. This opinion addresses both the individual and official capacity claims for damages.

to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages.'" <u>Sundwall v. Leuba</u>, 2002 WL 10401, *12-13 (2d Cir. 2001) (quoting <u>Montero v. Travis</u>, 171 F.3d 757, 760 (2d Cir. 1999)).  Judicial immunity is overcome in only two situations.  <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978); <u>see also</u> <u>Tucker v. Outwater</u>, 118 F.3d 930, 933 (2d Cir. 1997).  "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991) (citations omitted).

In this case, all of Ricciuti's allegations against Judge Alander arise from decisions Judge Alander made while presiding over Ricciuti's divorce action.  Riciutti has not provided any facts suggesting that Judge Alander was not acting in his judicial capacity.  "Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge."  <u>Badillo-Santiago v. Andreu-Garcia</u>, 70 F. Supp. 2d 84, 91 (D.P.R. 1999).  Even if the action is determined to be erroneous or malicious, the judge is not stripped of immunity.  <u>See</u> <u>Stump</u>, 435 U.S. at 356-57.

Because Ricciuti has alleged only actions taken in Judge Alander's judicial capacity and not taken in the clear absence of jurisdiction, Judge Alander is protected from a § 1983 action for damages by absolute judicial immunity.  Accordingly, these claims are dismissed.

**III.    Section 1983 Claims for Injunctive and Declaratory Relief Against the Defendant in his Individual and Official Capacity**

Finally, Judge Alander argues that Ricciuti's claim for a stay of his decision in the divorce action and Ricciuti's request for a new trial are barred by the *Rooker-Feldman* doctrine.

Federal district courts do not have authority to review final judgments of state courts in judicial proceedings. Rooker v. Fidelity Trust Co., 763 U.S. 413, 416 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment." Hachamovitch v. Debuono, 159 F.3d 687, 693 (2d Cir. 1998); see also Moccio v. New York State Dep't of Court Administration, 95 F.3d 195, 198 (2d Cir. 1996); Ashton v. Cafero, 920 F. Supp. 35, 37 (D. Conn. 1996). "Review of state court decisions in judicial proceedings ultimately is the province of the United States Supreme Court, even if the action challenges the constitutionality of the state court action." Ashton, 920 F. Supp. at 37. This doctrine not only applies to decisions of the highest state courts, but also to decisions of the lower state courts. Id. "[A]mong federal courts, only the Supreme Court has subject matter jurisdiction to review state court judgments." Johnson v. Smithsonian Inst., 189 F.3d 180, 185 (2d Cir. 1999).

Ricciuti is contesting decisions made in a state court action, Ricciuti v. Ricciuti, 2001 Conn. Super. Lexis 912 (Conn. Super. Ct. Mar. 29, 2001). Specifically, Ricciuti requests this Court to enter a stay of Judge Alander's Memorandum of Decision and to prevent Judge Alander from enforcing a state court order, the resulting state court judgment. Second, Ricciuti requests this Court to order a new trial. This is precisely the sort of relief the *Rooker-Feldman* doctrine forbids federal courts from granting. Accordingly, these claims of Ricciuti are also dismissed.[3]

---

[3]Judge Alander's decision was affirmed by the Appellate Court for the State of Connecticut. Ricciuti v. Ricciuti, 74 Conn. App. 120, 810 A.2d 818 (2002). The Connecticut Supreme Court denied Ricciuti's petition for certification to challenge the decision of the

### IV. Conclusion

For the foregoing reasons, the defendant's motion to dismiss [Doc. #4] is GRANTED.

The Clerk is directed to close the case.

SO ORDERED this 17th day of March 2004, at Hartford, Connecticut.

       /s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

---

Appellate Court.  Ricciuti v. Ricciuti, 262 Conn. 946, 815 A.2d 676 (2003).  Two ethics complaints by Ricciuti against Judge Alander were dismissed by the Connecticut Judicial Review Council.  See Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss.